# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9820 | **DATE** | 3/28/2002 |
| **CASE TITLE** | REGINALD TYLER vs. CHERLY NYARKO, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. The City of Chicago's motion to dismiss is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 29 2002 date docketed | | 7 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| LG | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINALD TYLER, | ) |
| | ) |
| Plaintiff, | ) Case No. 01 C 9820 |
| | ) |
| | ) Hon. John W. Darrah |
| v. | ) |
| | ) |
| CHERLY NYARKO, CHICAGO | ) |
| POLICE DEPARTMENT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Reginald Tyler ("Plaintiff"), filed a *pro se* single-count complaint against Defendants, Cherly Nyarko and the City of Chicago ("the City"), in the Circuit Court of Cook County. The City removed the action to this Court pursuant to 28 U.S.C. § 1441(b) and (c). The City then moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss the complaint. For the reasons set forth below, the City's Motion to Dismiss is granted.

## LEGAL STANDARD

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts*, 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when it appears beyond doubt that Plaintiff can prove no set of facts to support the allegations in his or her claim. *Strasburger v. Board of Education*, 143 F.3d 351, 359 (7th Cir. 1998). A *pro se* complaint is held to "less stringent standards than formal

pleadings drafted by lawyers." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

## BACKGROUND

For purposes of this Motion to Dismiss, the following allegations are taken as true.

On May 6, at about two in the morning, Plaintiff was asleep when Levie Tyler and Cherly Nyarko ("Nyarko") began to argue and play loud music. The argument progressed to the kitchen where Nyarko threw all the food in the refrigerator on the floor. Plaintiff got out of bed and turned "out the lights to turn off the loud music." Nyarko then began to kick in Plaintiff's bedroom door. Plaintiff went out of his room and Nyarko came toward him. He put his hands out and told her to "get back off of [him]". Then he called the police and told them that Nyarko was causing a disturbance. However, after speaking with Nyarko, a female Chicago police officer arrested Plaintiff. The officer completed an arrest report in which she lied about what happened and stated that Plaintiff had cut her.[1] As a result of his arrest, Plaintiff was not hired for a job with the Census. Plaintiff further alleges that Nyarko's and the City's actions deprived him of his Second, Fourth and Thirteenth Amendment rights.

---

[1] It is unclear from the complaint whether "she" is the police officer or Nyarko.

## DISCUSSION

The City has moved to dismiss the complaint, arguing that *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), prohibits municipal liability based on respondeat superior under 42 U.S.C. § 1983.

Although Plaintiff does not expressly state that he brings this action under § 1983, the nature of Plaintiff's claim, false arrest and malicious prosecution in violation of his Second, Fourth and Thirteenth Amendment rights, indicates that the action arises under § 1983. Plaintiff has not brought this action against the arresting officer but, rather, the City that employed her.

Under *Monell*, a municipality cannot be held liable under a respondeat superior theory of liability, that is, solely because it employs the torfeasor. 436 U.S. at 691. To state a § 1983 claim against a municipality, Plaintiff must allege that the municipality's custom or policy resulted in the deprivation of their constitutional rights. *Monell*, 436 U.S. at 694. "[P]laintiffs must allege an 'affirmative link' between the policy and the constitutional violation such that the enforcement of the policy was the 'moving force' behind the violation." *Crandall v. City of Chicago*, No. 00 C 14, 2000 WL 688948, at *2 (N.D. Ill. May 24, 2000). Plaintiff can do this by alleging "an express policy that causes a constitutional deprivation", "a widespread practice that . . . causes a constitutional deprivation and is so permanent and well settled as to constitute a custom and usage with the force of law", or a constitutional injury that was caused by a person with "final policymaking authority". *Crandall*, 2000 WL 688948, at *2 (quoting *Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994)).

Plaintiff has not alleged any express policy or widespread practice that deprived him of his Second, Fourth and Thirteenth Amendments nor has he alleged that the arresting officer was a person

with final policymaking authority. Moreover, the allegations in the complaint do not reasonably support the inference that there was an express policy or widespread policy that deprived Plaintiff of his Second, Fourth or Thirteenth Amendment rights or that the arresting officer was a person with final policymaking authority. "If the complaint fails to allege a requisite element necessary to obtain relief, dismissal is in order." *R.J.R. Servs., Inc. v. Aetna Casualty & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). Therefore, the complaint is dismissed as against the City.

## CONCLUSION

For the reasons stated above, the City of Chicago's Motion to Dismiss is granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: March 26, 2002